# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF WALKER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ROBLES, et al.,<br><br>　　　　　　Defendants. | Case No. 1:16-cv-01886-AWI-JLT (PC)<br><br>**ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED BECAUSE OF PLAINTIFF'S UNTRUE ALLEGATION OF POVERTY IN FILING FOR *IN FORMA PAUPERIS* STATUS**<br><br>**(Doc. 2)**<br><br>**30-DAY DEADLINE** |

Plaintiff filed a motion to proceed *in forma pauperis* along with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff currently has another case pending in this Court. *See Walker v. Wechsler, et al.,* 1:16-cv-01417-JLT. The Defendants in Plaintiff's other case have filed a motion to dismiss asserting that Plaintiff made an untrue allegation of poverty in his IFP application to the Court. *See Id*, at Doc. 26. In that motion, Defendants submit evidence that on September 19, 2016, exactly three months before Plaintiff filed this action and his accompanying motion to proceed *in forma pauperis*, Plaintiff received $10,000 in settlement of a legal action in the Northern District of California, *Walker v. Jones, et al.*, 08-cv-0757. *Id.*, Doc. 26, Doc. 27-1.[1] The Court notes that here, as in Plaintiff's other case, he marked both the "Yes" and the "No"

---

[1] Judicial is taken of the Stipulation and Order re Dismissal with Prejudice which was filed in that action and signed by the Honorable Charles R. Breyer on October 21, 2016 (Doc. 27-1 in this action) as notice may be taken of undisputed matters of public record, including documents on file in federal or state courts.  Fed.Rules Evid.Rule 201, 28 U.S.C.A.; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (2012).

1

boxes when responding to the question whether he had received any money from "Any other sources" in the twelve months prior to filing this action. *Compare* 1:16-cv-1886, Doc. 2, p. 1 *with* 1:16-cv-1417, Doc. 2, pp. 1-2.

Proceeding "*in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). While a party need not be completely destitute to proceed *IFP*, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Doe v. Educ. Enrichment Sys.*, No. 15cv2628-MMA (MDD), 2015 U.S. Dist. LEXIS 173063, *2 (S.D. Cal. Dec. 30, 2015) (citing *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984)). "[T]he court shall dismiss the case at any time if the court determines the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Accordingly, the Court **ORDERS** that **within 30 days** of the date of service of this order, Plaintiff **SHALL** show cause why in writing why his *in forma pauperis* status should not be denied and he be required to pay the filing fee[2].

IT IS SO ORDERED.

    Dated: __**May 8, 2017**__                       __**/s/ Jennifer L. Thurston**__
                                                                                   UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is advised that if he chose to spend his money or give it away rather than use it to pay his filing fee, the Court understands this inclination but this would not justify him proceeding *in forma pauperis*.

2