# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF WALKER,<br><br>        Plaintiff,<br><br>   v.<br><br>ROBLES, et al.,<br><br>        Defendants. | Case No. 1:16-cv-01886-AWI-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* BECAUSE OF UNTRUE POVERTY ALLEGATION**<br><br>**(Doc. 2, 7, 8)**<br><br>**21-DAY DEADLINE** |

Plaintiff filed a motion to proceed *in forma pauperis* along with this civil rights action pursuant to 42 U.S.C. § 1983. On May 8, 2017, the Court ordered Plaintiff to show cause why this action should not be dismissed based on his poverty allegations that appeared to be untrue. (Doc. 7.) The Court noted that Plaintiff has another case pending in this Court, *Walker v. Wechsler, et al.,* 1:16-cv-01417-JLT (the *Wechsler* case), in which the defendant filed a motion to dismiss asserting that Plaintiff made an untrue allegation of poverty. *See Wechsler* case, at Doc. 26.

**I.  Legal Standard**

An indigent party may be granted permission to proceed *in forma pauperis* upon submission of an affidavit showing inability to pay the required fees. 28 USC § 1915(a). The determination as to whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's sound discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th

1

Cir. 1991) (reversed on other grounds).

"The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984), citing *Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple*, 586 F. Supp. at 850, citing *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In the motion to dismiss in the *Weschler* case, the Defendant submitted evidence that on September 19, 2016, exactly three months before Plaintiff filed this action and his accompanying motion to proceed *in forma pauperis*, Plaintiff received $10,000 in settlement of a legal action in the Northern District of California, *Walker v. Jones, et al.*, 08-cv-0757 ("the *Jones* case"). *Id.*, Doc. 26, Doc. 27-1.[1] As noted in the OSC in this case, in response to the question on his *in forma pauperis* applications in this case and the *Weschler* case whether he had received any money from "Any other sources" in the twelve months prior to filing the actions, Plaintiff marked both the line for "Yes" and "No." *Compare* 1:16-cv-1886, Doc. 2, p. 1 *with* 1:16-cv-1417, Doc. 2, pp. 1-2.

In response to the OSC, Plaintiff acknowledges that he received a $10,000 settlement in the *Jones* case, but contends that the money went to pay "past obligations." (Doc. 8, p. 1.) To this end, Plaintiff lists "8000.00 or so on re-opening business Under Aces roses on line store set up;" that he gave $700.00 to his mother and father; "phone bill 25.00 every two weeks or so;" that he borrowed $300 from friends which allowed him "to go to the store to pay [sic] cosmetics;" and that he had to pay a secretary and "past bills from collectors." (*Id.*) He does not report these latter

---

[1] The Court takes judicial of the Stipulation and Order re Dismissal with Prejudice filed in the *Jones* case and signed by the Honorable Charles R. Breyer on October 21, 2016 (Doc. 27-1 in the *Wechsler* case). The Court may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts. Fed.Rules Evid.Rule 201, 28 U.S.C.A.; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (2012). Moreover, Plaintiff disputes neither their existence, nor the accuracy of their contents.

amounts. (*Id.*) Plaintiff states that he did not lie or make untrue statements. (*Id.*)

Proceeding "*in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). However, "[i]f an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required, in the First Circuit's phrase, to 'put his money where his mouth is.'" *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989) (affirming district court denial of *in forma pauperis* where in past 12 months, plaintiff received a sum of $5,000 settling a civil action and no indication it was unavailable to plaintiff) (citing, *Temple*, 586 F.Supp. at 851(quoting *In re Stump*, 449 F.2d 1297, 1298 (1st Cir. 1971) (*per curiam*)).

In sum, to proceed *in forma pauperis*, a plaintiff need not demonstrate that he is completely destitute, but his poverty must prevent him from paying the filing fee and providing his dependents with the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). A "'showing of something more than mere hardship must be made.'" *Nastrom v. New Century Mortg. Corp.*, No. 11-cv-1998, 2011 WL 7031499, at *1 (E.D. Cal. Dec. 7, 2011) (quoting *Martin v. Gulf States Utilities Co.*, 221 F.Supp. 757, 759 (W.D. La.1963)), report and recommendation adopted by, 2012 WL 116563 (E.D. Cal. Jan.12, 2012). Plaintiff has not shown that he has any dependents who would have been deprived of the necessities of life if he paid the filing fee and, since Plaintiff is currently civilly detained, the State of California is paying for his necessities of daily life. *Williams*, 877 F.2d 65.

Plaintiff accounts for spending approximately $9,025 of his settlement proceeds, but he fails to account for $975.00 -- which would have been more than sufficient to pay the $400 filing fee for this action. Further, even if Plaintiff had spent every penny of settlement proceeds from the *Jones* case, the Court is entitled to consider the economic priority Plaintiff placed on the use of his settlement proceeds. *See Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (citing *Alexander v. Carson Adult High School,* 9 F.3d 1448, 1449 (9th Cir. 1993). A district court is entitled to honor an inmate's decision of other use of available funds which the inmate considered

more worthwhile than payment of a federal court's filing fee. *See Olivares*, at 112, (quoting *Lumbert v. Illinois Department of Corrections,* 827 F.2d 257, 260 (7th Cir. 1987) (Noting peanut and candy "comforts" Olivares purchased in the prison commissary; "If the inmate thinks a more worthwhile use of his funds would be to buy peanuts and candy ... than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor.").) Here, Plaintiff clearly prioritized online purchases, a monetary gift to his parents, and other past debts over his obligation to pay the filing fee in this action. The Court advised Plaintiff that choosing to spend his money or give it away rather than use it to pay his filing fee, while understandable, would not justify his application to proceed *in forma pauperis*. (Doc. 7, p. 2, n. 2.) Despite this, his report merely demonstrates that he preferred to spend his money other than on paying his filing fee.

The determination whether a party can proceed *in forma pauperis* is a "matter within the discretion of the trial court and in civil actions for damages should be allowed only in exceptional circumstances." *Weller v. Dickinson*, 314 F.2d 598, 600 (9th Cir. 1963); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("court permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process"). It is immaterial whether Plaintiff chose to spend the settlement proceeds from the *Jones* case elsewhere, or retained some that he could have used to pay the filing fee for this action but chose not to do so. Plaintiff had $10,000 at his disposal within three months of the date he filed this action. He thus did not qualify as impoverished when he filed his application to proceed *in forma pauperis*.

## **RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that Plaintiff's application to proceed *in forma pauperis*, filed on December 19, 2016 (Doc. 2), be **DENIED** and that Plaintiff be required to pay the $400.00 filing fee to proceed in this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is informed that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 12, 2017**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE